# MORSE *v.* BRAINERD.

LANDLORD AND TENANT; ESTATE FOR YEARS; HOLDING OVER.

1. An estate for years at common law is not necessarily a tenancy for a certain number of years, but the expression is applied to any tenancy for a certain time, as for one or more years, or for a half or quarter of a year, its essential character being that it must be for a greater or less period of fixed duration.

2. At common law a tenant for years became, by holding over, a tenant for an additional year, and so on from year to year at the pleasure of the parties.

3. A holdover from a tenancy for years may terminate his tenancy before the end of a year by giving notice in accordance with sec. 1221, D. C. Code (31 Stat. at L. 1382, chap. 854), permitting a tenancy by sufferance to be terminated by thirty days' notice, although his lease provided by holding over he would become a tenant from year to year, since sec. 1034 provides that holding over after a tenancy for years creates a tenancy by sufferance.

No. 2686. Submitted October 14, 1914. Decided November 2, 1914.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia for the plaintiff upon an agreed statement of facts, in an action to recover rent alleged to be due under a lease of premises to defendant.

*Reversed.*

The Court in the opinion stated the facts as follows:

This appeal is from a judgment for Erwin C. Brainerd, the plaintiff, in the supreme court of the District in an action at law and tried without a jury upon an agreed statement of facts.

On October 1, 1906, Edward E. Morse, appellant, entered into possession of an apartment in the Gloucester apartment house in this city as tenant, according to the provisions of the lease, "for one year beginning on the first day of October, 1906, at and for the yearly rental of seven hundred and twenty and 00/100 dollars ($720.00), payable in monthly instalments, in advance, that is to say, sixty and 00/100 dollars ($60.00) on the day of the beginning of the said term, and a like amount on the first day of every month thereafter until said term, or any subsequent term or tenancy *created by holding over,* shall be terminated." The lease contains a further stipulation as follows: "It is covenanted and agreed that unless said premises shall be vacated and the keys thereof delivered to the party of the first part, or his assigns, on the day of the expiration of said term, or any subsequent term *created by holding over,* the party of the second part shall, by virtue hereof, in each such case, become tenant for an additional year, *provided,* that at least ten days prior to the expiration of the first, or any such subsequent term, the party of the first part shall not have notified the party of the second part, in writing, of his desire to have possession of said premises or change any condition or conditions of this lease."

Appellant continued to occupy the apartment, without any further lease or agreement being made, until July 31, 1911. On the preceding 30th of June he accompanied his check for the rent for the month of July with a notice that he would terminate his tenancy and vacate the apartment at the end of the month. The appellee denied appellant's right to vacate before September 30, 1911, without paying rent until that time, and this is the question for our determination.

*Mr. William G. Johnson* for the appellant.

*Mr. Enoch A. Chase* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

An estate for years at common law, as the learned trial jus-
tice pointed out, "is not necessarily a tenancy for a certain num-
ber of years, but the expression is applied to any tenancy for a
certain time, as for one or more years, for a half or quarter of
a year.   Its essential character is that it must be for a greater
or less period of fixed duration."   Such an estate "must expire
at a period certain and prefixed by whatever words created."
2 Bl. Com. 143; 4 Kent, Com. 86; 1 Tiffany, Land. & T. § 12,
p. 45.   Mr. Taylor, in his Landlord & Tenant, vol. 1, ¶ 54,
says: "Leases may be granted, in express terms, for one or
more years, or for any part of a year; and, in either case, the
lessee will be treated as a tenant for years, and is usually so-
called.   The ordinary mode for leasing is for a specific term of
years; *but if no particular period of time is limited for its
duration,* a tenancy from year to year will arise."   It is con-
ceded that the lease in question created a tenancy for years *for
the first year.*   At common law, the lessee, by holding over, be-
came a tenant for an additional year, and so on from year to
year at the pleasure of the parties.   The provision in the lease,
that if the lessee hold over he shall become a tenant for an addi-
tional year is merely an expression of the common-law rule.   In
other words, in the absence of any statute, the provision would
have been superfluous.

Congress, however, has declared what estates in lands may be
created in this District, and, its authority being ample and ex-
clusive, neither the parties nor the courts are at liberty to dis-
regard or override its expressed policy.   Chapter 24 of the
Code [31 Stat. at L. 1352, chap. 854] embracing estates, pro-
vides:

"Sec. 1011.   What Estates in District.—Estates in land in
the District shall be estates of inheritance, estates for life, estates
for years, estates at will, and estates by sufferance."

"Sec. 1032.   Estates for years.—An estate for a determinate
period of time is an estate for years.

"Sec. 1033. Estates from Year to Year.—An estate expressed to be from year to year shall be good for one year only.

"Sec. 1034. Estates by Sufferance.—All estates which by construction of the courts were estates from year to year at common law, as * * * where a tenant for years, after the expiration of his term, continues in possession and pays rent, * * * shall be deemed estates by sufferance.

"Sec. 1035. Estates from Month to Month, and So Forth.— An estate may be from month to month or from quarter to quarter, or, as otherwise expressed, it may be by the month or by the quarter, if so expressed in writing."

Under sec. 1218 no notice to quit is necessary when the lease is for a term certain. Sec. 1219 requires thirty days' notice where the tenancy is from month to month or from quarter to quarter. Sec. 1220 requires the same notice where the tenancy is at will, and sec. 1221 provides that "a tenancy by sufferance may be terminated at any time by a notice in writing from * * * the tenant to the landlord of his intention to quit on the thirtieth day after the day of the service of the notice."

We have already ruled that at common law the tenant, under the lease in question, at the end of the estate for years, that is, at the end of the first year, became a tenant from year to year. Congress has said in plain and unmistakable language that such an estate shall be an estate by sufferance, which may be terminated by either party giving the other thirty days' notice in writing. The parties were bound by these provisions, and could create no different or greater estate than the statute allowed. It was competent for them to create an estate for one or more years, provided the duration of the term was fixed and certain. They elected to create an estate for years for one year and thereafter an estate from year to year, which it was entirely competent for them to do. But it was not competent for them to override the will of Congress in attempting to fix the legal consequences arising out of such a tenancy.

It appearing that the notice required by the statute was given by the appellant, the judgment must be reversed, with costs.

*Reversed.*