## NATIONAL CAFÉS, Inc., v. ELITE LAUNDRY CO.

Court of Appeals of District of Columbia.
Submitted January 5, 1927. Decided
April 4, 1927.

No. 4454.

1. Landlord and tenant ⬅119(2), 120(2)—
Where tenant, with privilege of renewal on written notice, gave only verbal notice, tenancy after expiration of original lease was one by sufferance, terminable on thirty days notice (Code, § 1034).

Where tenant under 6 months' lease, with privilege of renewal for 2 years, at increased rental, on written notice, gave only verbal notice of intent to exercise renewal privilege, *held*, tenancy after expiration of 6 months' lease was one by sufferance, terminable by tenant on 30 days notice in writing, in view of Code, § 1034.

2. Landlord and tenant ⬅120(2)—Tenant's notice of intent to quit held not defective, because addressed to landlord's attorney.

Tenant's notice in writing of intent to vacate *held* not defective, because addressed to attorney for landlord, whose agency was not denied.

Appeal from the Supreme Court of the District of Columbia.

Action by the National Cafés, Incorporated, against the Elite Laundry Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Morris Simon, Lawrence Koenigsberger, Eugene Young, and S. C. Brez, all of Washington, D. C., for appellant.

C. L. Frailey and J. A. Purcell, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia sustaining the demurrer of the defendant, appellee here, to the declaration; plaintiff, appellant here, electing not to amend further.

[1] The material facts set forth in the declaration are as follows: On March 3, 1924, the H. L. Rust Company, a corporation, leased to the appellee store No. 4 at No. 1 Thomas Circle, in this District, for a term of 6 months, beginning on the 1st day of April, 1924, and ending on the 30th day of the following September. The lease, which was in writing and under seal, further provided that the appellee should have the privilege of renewal for an additional 2 years at an increased rental, upon condition that written notice be given by July 1, 1924. Written notice was not given, but it is alleged that

appellee did give "verbal notice of its intention to avail itself of said renewal privilege." Appellee remained in possession until about December 24, 1924, and paid the increased rental. Thereupon appellee gave appellant's counsel 30 days' notice in writing of its intention to vacate. This suit was brought upon the theory that in legal contemplation the tenancy continued for the extended period of two years.

On October 13, 1924, the Rust Company assigned all its interest in the lease to the appellant. In Morse v. Brainerd, 42 App. D. C. 448, the tenant occupied the premises under a lease which provided that, if he held over he should become a tenant for an additional year. He held over and vacated within a year, giving 30 days' notice. We ruled that under section 1034 of our Code, 31 Stat. 1352, he was merely a tenant by sufferance, and hence that the notice given was sufficient. See, also, Soper v. Myers, 45 App. D. C. 286.

We agree with the trial court that the decision in the Brainerd case is controlling here. There the same contention was made that the holding over enlarged the tenancy to the extent provided in the lease. This contention we rejected, because of the specific provision in section 1034 of the Code that a tenant for years, who holds over and pays rent, become a tenant by sufferance, whose tenancy may be terminated by thirty days notice.

[2] It is insisted, however, that, even if we assume the tenancy here was by sufferance, the notice to quit was defective, because addressed to counsel, and not to the landlord. But it is not averred in the declaration that the attorneys to whom the notice was sent were not the agents of the landlord, and the contrary appears from the allegation that 4 days after receipt of the notice the same attorneys advised the tenant that the lease had been extended, and that the tenant would be held liable for the full extended term.

The decision is affirmed, with costs.

Affirmed.