## H. L. RUST CO. v. DRURY.

### No. 5837.

Court of Appeals of the District of Columbia.
Argued Oct. 6, 1933.

Decided Nov. 13, 1933.

Joseph T. Sherier, of Washington, D. C., for plaintiff in error.

Joseph A. Rafferty, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Writ of error to the municipal court.

On August 27, 1932, plaintiff in error, hereinafter called plaintiff, filed in the court below an action for the recovery of possession of an apartment in the Somerset House, 1801 Sixteenth Street N. W., in this city, alleging that it had been rented to the defendant in error, hereinafter called the defendant, as a monthly tenant and that his tenancy and estate had been determined by default in the payment of rent.

At the trial plaintiff introduced the written agreement creating the relationship of landlord and tenant. By its terms the defendant became a tenant of the plaintiff for one year, commencing on October 1, 1930, at a stipulated rental, payable in equal monthly installments on the first day of each and every month thereafter. It also provided that if the plaintiff did not at least ten days before the expiration of the term or any renewal thereof serve upon the defendant a notice in writing that possession of the apartment would be required at the end of the term or any renewal thereof, then, unless the defendant should immediately surrender the apartment on the day of the end of the term or any renewal thereof, the defendant should become a tenant by the month. It further provided that in the event of the defendant holding over, he should give plaintiff at least 30 days' notice of any intention to vacate the apartment, and that the defendant should be entitled to like notice that the plaintiff desired possession of the property; but in the event the rent should not be paid in advance without demand, the defendant should "not be entitled to any notice to quit, the usual thirty days' notice being hereby expressly waived." It further provided that if any installment of rent should not be paid when it became due and payable as theretofore provided, it should be lawful for the plaintiff "to recover possession of said premises by reason of a seven days' summons under the provision of the Code of Law of the District of Columbia regulating proceedings between landlords and tenants, or by such legal process as may at the time be in operation in like cases," the defendant "expressly waiving all right to any other notice to quit."

It appeared that the defendant was in arrears for more than two months' rent when the action was commenced, but the court ruled that he was nevertheless entitled to 30 days' notice to vacate and that, inasmuch as such notice had not been given, plaintiff could not recover.

In Morse v. Brainerd, 42 App. D. C. 448 (decided by a unanimous court nineteen years ago), we ruled that it was not competent for the parties to declare a consequence of holding over inconsistent with the express terms of the statute (section 1034, D. C. Code, 1901; section 280, tit. 25, D. C. Code, 1929). This ruling was reaffirmed in Soper v. Myers, 45 App. D. C. 286 (1916), and National Cafes, Inc., v. Elite Laundry Co., 57 App. D. C. 178, 18 F.(2d) 828 (1927). Under the provisions of the statute, therefore, the defendant

in the present case at the expiration of the first year became a tenant by sufferance, and had he paid his rent when due he would have been entitled to 30 days' notice to vacate. A tenant from month to month is entitled to the same notice. Section 312, tit. 25, D. C. Code, 1929; section 1219, D. C. Code, 1901. But defendant expressly agreed that in the event he should not pay the rent when due he should "not be entitled to any notice to quit, the usual thirty days' notice being hereby expressly waived."

Such an agreement is specifically authorized by section 318, tit. 25, D. C. Code, 1929 (section 1236, D. C. Code, 1901), which reads as follows: "Nothing herein contained shall be construed as preventing the parties to a lease, by agreement in writing, from substituting a longer or shorter notice to quit than is above provided or to waive all such notice."

In Waggaman v. Bartlett, 2 Mackey (13 D. C.) 450 (1883), it was held that a tenant might contract with his landlord to quit on a shorter notice than thirty days, although there was no statute expressly authorizing such an agreement. The court observed that under no rule of public policy was one man authorized to retain possession of another man's property, and that the court was "unable to see why the tenant cannot stipulate to give up another person's property generally, and a fortiori, why he cannot stipulate that if he does not pay the rent he will vacate the premises within a given time." It is not unlikely that the decision in the Waggaman Case gave rise to the enactment by Congress of section 1236, D. C. Code, 1901 (section 318, tit. 25, D. C. Code, 1929), expressly recognizing such agreements.

The defendant having agreed in writing that a default in the payment of rent would disentitle him to notice to vacate, and it appearing that he had defaulted, plaintiff was entitled to possession.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Reversed and remanded.