924

Memorandum filed by Mr. Justice Frankfurter with a statement by Mr. Justice Black.

Memorandum of Mr. Justice Frankfurter.

The rule governing the filing of *amici* briefs clearly implies that such briefs should be allowed to come before the Court not merely on the Court's exercise of judgment in each case.   On the contrary, it presupposes that the Court may have the aid of such briefs if the parties consent.   For the Solicitor General to withhold consent automatically in order to enable this Court to determine for itself the propriety of each application is to throw upon the Court a responsibility that the Court has put upon all litigants, including the Government, preserving to itself the right to accept an *amicus* brief in any case where it seems unreasonable for the litigants to have withheld consent.   If all litigants were to take the position of the Solicitor General, either no *amici* briefs (other than those that fall within the exceptions of Rule 27) would be allowed, or a fair sifting process for dealing with such applications would be nullified and an undue burden cast upon the Court.   Neither alternative is conducive to the wise disposition of the Court's business.   The practice of the Government amounts to an endeavor, I am bound to say, to transfer to the Court a responsibility that by the rule properly belongs to the Government.   The circumstances of the application in this case illustrate the unfairness resulting from persisting in the Government's practice, in disregard of Rule 27.

Mr. Justice Black concurs in the foregoing views, but desires to state that he is of the opinion that the Court's rule regarding the filing of briefs *amici curiae* should be liberalized.