## DORADO v. LOEW'S, Inc.
### No. 1191.

Municipal Court of Appeals for the District of Columbia.

Argued March 31, 1952.

Decided May 1, 1952.

HOOD, Associate Judge.

Appellee landlord leased to appellant tenant a parking lot in the City of Washington. The lease provided that the premises were let "by the month commencing on the 20th day of May, 1950," at a monthly rental of $650 payable in advance. The lease contained a printed provision that in default of rent or violation of any covenant of the lease "the Thirty (30) days' written notice to Quit" was waived. The lease also contained the following typewritten provision:

"Lessee covenants and agrees that he will remove and quit the said premises 24 hours after the time notice to quit is served upon him by delivery thereof to the premises either personally or in care of any attendant thereon, and shall operate on a 24 hour notice to quit, tenant waiving any and all other notices of quitting said premises. It is further understood and agreed that lessor will rebate to lessee any rent paid in advance hereunder for any period after possession is delivered to lessor pursuant to notice as set forth in the preceding paragraph."

The tenant paid his rent regularly up to and including the rent due for the month commencing September 20, 1951. On September 26, 1951, the landlord served notice on the tenant "that the said lease will terminate twenty-four (24) hours after the service of this notice on you, and, you are notified to quit and deliver up the premises on or before that time." The tenant refused to vacate and this action for possession followed. From judgment on a directed verdict in favor of the landlord, the tenant has appealed.

The first question we consider, which is the vital one on this appeal, is whether the notice to quit was legally effective to terminate the tenancy and entitle the landlord to sue for possession. The tenancy created by the lease was expressly described as a tenancy by the month and both parties in their briefs here agree that it was such. Thus the tenancy was what is described by our Code Section 45-821 as an estate from month to month or by the month. Another section of the Code, 45-

---

Herman Miller, Washington, D. C., Charles S. Sures, Washington, D. C., for appellant.

Jacob N. Halper, Washington, D. C., with whom Milford F. Schwartz, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

902, provides the method for terminating such an estate. That section provides:

"A tenancy from month to month, or from quarter to quarter, may be terminated by a thirty days' notice in writing from the landlord to the tenant to quit, or by such a notice from the tenant to the landlord of his intention to quit, said notice to expire, in either case, on the day of the month from which such tenancy commenced to run."

Still another code section, 45–908, provides:

"Nothing herein contained shall be construed as preventing the parties to a lease, by agreement in writing, from substituting a longer or shorter notice to quit than is above provided or to waive all such notice."

We think it clear from the foregoing that a tenancy from month to month, in the absence of express agreement between the parties, can be terminated only by thirty days' notice in writing expiring on the day of the month from which the tenancy commenced to run. We think it also clear that the parties may agree in writing for a longer or a shorter notice. What is not so clear is, where a month to month lease provides for a shorter notice than the statutory thirty days, whether such shorter notice may expire on a day other than the day of the month from which the tenancy commenced to run. Stated another way, the question is whether a tenant from month to month, not in any way in default, may be required to vacate in the middle of a monthly period.

As we pointed out in Zoby v. Kosmadakes, D.C.Mun.App., 61 A.2d 618, a tenancy from month to month is a periodic tenancy, i. e., a tenancy for a month certain plus an expectancy or possibility of continuation for one or more similar periods; that this distinguishing feature explains the notice requirements of the common law and the code; and that until rightful notice of termination is given this expectancy ripens at the turn of each month into a true tenancy for the ensuing month. The nature of the common-law periodic tenancy is such that it can be terminated only at the end of one of the periods,[1] and Code Section 45–902 makes the common-law rule statutory by requiring (1) thirty days' notice to quit in order to terminate such tenancy and (2) that such notice expire on the day of the month from which such tenancy commenced to run. Code Section 45–908 permits the parties to agree to a longer or shorter notice but does not provide that the agreed notice may expire at a time other than that specified in Code Section 45–902. As we see it, section 908 relates to the length of notice only and not to its expiration date. The Code having expressly provided that a month to month tenancy may be terminated only at the end of a month, we do not think the parties by agreement can provide otherwise.[2] If a month to month tenancy is possible of termination at any time without regard to the monthly period, then it loses its distinguishing feature and becomes nothing more than our statutory tenancy by sufferance which can be terminated by notice given at any time. Code, § 45–904.[3]

Here the parties by express terms created a tenancy by the month and then attempted to provide that such tenancy could be terminated in a manner contrary to express statutory provision. This they could not do. They could, as they did, provide for a notice shorter than thirty days, but such notice to be effective must expire on the day of the month from which such tenancy commenced to run.

It will be observed that the twenty-four hours' notice was made in favor of the landlord only. The tenant was still bound to give the statutory thirty days' notice.

1. 32 Am.Jur., Landlord and Tenant, § 74; 51 C.J.S., Landlord and Tenant, § 150 (e); Tiffany on Real Property (3d ed.) § 172; Powell on Real Property § 253.

2. Cf. H. L. Rust Co. v. Drury, 62 App. D.C. 329, 68 F.2d 167. See also Sutherland v. Drolet, 154 Wis. 619, 143 N.W. 663.

3. Congress has declared what estates in land may be created in this jurisdiction. Morse v. Brainerd, 42 App.D.C. 448.

Had the lease given both parties the right to terminate on twenty-four hours' notice, then possibly the effect, in spite of use of words indicating a monthly tenancy, would have been to create a tenancy at will. Code, § 45–822.[4] This question, however, is not before us and we do not pass upon it.

Since our conclusion is that the notice to quit was ineffective we need not consider the other assignments of error.

Reversed.

CAYTON, Chief Judge (dissenting).

We have here a situation illustrating anew the confusion which so often results when laymen attempt to draw legal documents without legal assistance.

These parties contracted for the rental of a parking lot on a day-to-day basis. To accomplish that purpose they took a printed form of agreement intended to cover a term lease, x'd out certain provisions, and typed in others intended to express their intention.

It is true that in the introductory part they described the letting as being "by the month." But in the typewritten part it was provided that the tenant would "remove and quit the said premises 24 hours after the time notice to quit is served upon him. * * *" It was also provided that the tenant "shall operate on a 24 hour notice to quit, tenant waiving any and all other notices of quitting said premises." This last clause was in accordance with Code 1940, § 45–908, which authorizes parties to substitute for the usual 30-day notice to quit "a longer or shorter notice * * * or to waive all such notice."

I think it is unrealistic, and technical in the extreme, to attempt to fit this informal rental into the category of a formal "tenancy by the month", to vest it with common-law rigidity and to say that the 24 hour notice was invalid because it was not made to expire "on the day of the month from which such tenancy commenced to run."

To me it seems plain that the parties never intended such a result, and that crude though their draftsmanship was, they plainly had in mind a tenancy which could be ended at *any* time by a 24 hour notice. This is emphasized by the landlord's agreement to rebate any rent paid for a period beyond the time the notice might be served. Also I think that though the right to notice may be reciprocal, it does not follow that a notice given by one party must be identical in length to that required of the other.

I would rule that this was a tenancy at will under Code, § 45–822, that the notice was valid, and that the judgment should be affirmed.

---

4. Cf. United States v. Richfield Oil Corp., D.C.S.D.Cal., 99 F.Supp. 280, 290 affirmed, 72 S.Ct. 665.