Earl A. WOOD et al., Appellants,

v.

Homer MEIER and A. R. Mohr, individually and as co-partners d/b/a M. & M. Clay Company and M. & M. Clays, Inc., Appellees.

No. 15108.

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1955.

Thomas T. Purdom, Decatur, Ga., for appellants.

Frank C. Jones, A. O. B. Sparks, Macon, Ga., Jones, Sparks, Benton & Cork, Macon, Ga., of counsel, for appellees.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

Appellants sued appellees and one Hall to recover unpaid minimum wages, liquidated damages, and attorney's fees, under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The alleged facts were that Hall mined Kaolin and transported it to a plant operated by appellees, where it was processed and then shipped in commerce. Hall operated under a contract with appellees, and ostensibly appellants worked for Hall, whereas in fact they worked for either Hall or appellees or both. Hall and appellees filed separate answers, each denying liability. Subsequently, Hall entered into a stipulation with appellants, under which it was agreed that the case would be continued for 90 days, and that within the 90 days Hall would pay, and appellants would accept, $2500 in full and complete settlement of their claims. It was further stipulated that appellants would have the right to take judgment in that amount against Hall if he failed to make the payment within the 90 days. This stipulation was made "in full settlement and satisfaction of all liability as to Hansel Hall as set out in the complaint," and upon condition that the complaint would be dismissed. The $2500 was not paid within the 90 days, and thereafter a consent judgment in that amount was entered against Hall. For purposes of this appeal, it may be said that a total of $2700.99 was due appellants as unpaid wages, not taking into account liquidated damages and attorney's fees. This amount was compromised for $2500, which was to be divided among the six appellants on a pro rata basis.

After the consent judgment was entered against Hall, appellees filed a motion for summary judgment, contending that, as a result of the judgment entered against Hall, there remained no genuine issue as between them and the appellants. It was their position that the action was based on a joint contractual obligation, and that the effect of the appellants obtaining judgment against one of the joint obligors was to merge the entire cause of action into that judgment so as

to bar further proceedings against appellees.

The trial court adopted this theory, holding that the cause of action was contractual and that the obligation sued on was joint, as distinguished from joint and several; and the court entered judgment for appellees. The court was of the opinion that the terms of the Fair Labor Standards Act were written into the contract by operation of law; thus, the only claim was the contractual one which was satisfied by the judgment against the joint obligor. There is no contention that the judgment has been paid.

We agree with appellants that the claim which they have asserted is not contractual, but statutory. If it were contractual, they would have no claim, since they were paid all that they contracted to receive. The obligation of the employers under the statute is several, and their taking of a judgment against one does not bar their action against the others. It is the public policy of the statute that is to be served.

The Fair Labor Standards Act gives substantial rights to employees that did not exist at common law. Claims by employees for minimum and overtime wages, liquidated damages, and attorney's fees, based solely on the provisions of the Act, are not contractual or common law rights, but arise under a statute enacted by the Congress in the interest of commerce, under the plenary and paramount power granted to it by the commerce clause of the constitution of the United States. The Act concerns itself with the correction of evils through remedies which were unknown to the common law. Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772; United States v. International Bldg. Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182; Rogers Cartage Co. v. Reynolds, 6 Cir., 166 F.2d 317, 3 A.L.R.2d 1090; Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58; Hollingsworth v. Federal Mining & Smelting Co., D.C., 74 F.Supp. 1009. Cf. Loggins v. Steel Construction Co., 5 Cir., 129 F.2d 118.

Accordingly, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judge RUSSELL sat during the oral argument of this case but, due to illness, took no part in this opinion.