W. Willard WIRTZ, Secretary of Labor,
United States Department of Labor,
Appellant,

v.

Pierce D. LEONARD, d/b/a Emanuel
County Stockyard, Appellee.

No. 20089.

United States Court of Appeals
Fifth Circuit.

May 24, 1963.

Bessie Margolin, Associate Sol., Dept. of Labor, Jacob O. Karro, Atty., Dept. of Labor, Washington, D. C., Charles Donahue, Sol. of Labor, Floyd F. Feeney, Atty., Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Atty., for appellant.

Submitted on behalf of appellee, with no appearances entered.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and DEVANE, District Judge.

TUTTLE, Chief Judge.

This is an appeal from a judgment based on a jury verdict in favor of the appellee, the employer, in a suit filed by the Secretary of Labor on behalf of four employees seeking payment of amounts alleged to be due under the provisions of Section 16(c) of the Fair Labor Standards Act.[1] The suit alleged the failure of the respondent to pay minimum wages required by Section 6 of the Act, and alleged that as to one employee, Scarboro, there had been a failure to pay overtime rates required by Section 7. The total amount involved in the suit as alleged by the plaintiff was $4,624.78.

Defendant's answer denied violations of the Act, based on the theory that none of the four persons had substantial earning capacity and that they worked for whatever the defendant decided they were entitled to receive. It alleged that none of the claimants "had at any time expected any minimum wages to be paid to them by virtue of the fact that they did not possess the earning capacity to authorize it." And it also asserted that

1. Act of June 25, 1938, 52 Stat. 1060, as amended, 29 U.S.C.A. § 201 et seq.

the defendant "had no special agreement as to any special sums to be paid" to the claimants, and that "whatever sums * * * were paid by defendant was in the nature of a gift more or less" and, therefore, "did not come under the provisions of the Act." The answer also alleged that none of the services rendered "were at any time based on any particular contract, agreement or promise causing the said employees to expect any wages under the provisions of this Act. * * * because what work was done was done on the basis of piece-rate employment. * * * " There was no proof of any piece-rate as a basis of employment, so this part of the defense went out of the case.

The trial court over the objection of the Secretary, repeatedly urged, accepted the defendant's theory to the extent of charging the jury in effect that even though there was employment the minimum wage requirements of the law would not apply if the amount of the payments were to be determined at the sole discretion of the employer. The particular part of the charge containing this theory was as follows:

"In other words, in this particular case, gentlemen of the jury, if any sums were paid by this defendant in recognition of services performed during a given period of time if either both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of this defendant in this case at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly, then that does not come under the provisions of the Fair Labor Standards Act."

There was evidence adduced by the Secretary that would have warranted the jury's finding that the four employees had not received the minimum rates of pay for the hours worked. There was also evidence that some of the employees were given work or permitted to work purely out of sympathy on the part of employer. The payroll, however, indicated regular payments paid both for those who worked one day a week and those who worked a full week schedule.

It has been repeatedly held that parties themselves may not contract to work for less than the minimum wage rate. This Court has said "[T]he obligation of the employer to meet the minimum working conditions prescribed in the Act is statutory and a matter of general public policy, and cannot be waived or contracted away by individual employers and employees." Mitchell v. Turner, 286 F.2d 104, 106, 5th Cir. To the same effect see Mitchell v. Greinetz, 10th Cir., 235 F.2d 621, 61 A.L.R.2d 956; Caserta v. Home Lines Agency, 273 F.2d 943, 2nd Cir.; and Wood v. Meier, 5th Cir., 218 F.2d 419. The language of the Court of Appeals for the First Circuit is apposite where, in Republican Publishing Company v. Newspaper Guild, 1st Cir., 172 F.2d 943, at 945, that Court said, "Section [3g] defines 'to employ' as including to suffer or permit to work. Hence the crucial question is not whether the work was voluntary, but rather whether the plaintiff was in fact performing services for the benefit of the employer with the knowledge and approval of the employer. * * * And a contract to pay nothing for work stands in no better light under the Act than a contract to pay below the minimum wage."

Section 7(d) of the Act does provide that certain amounts paid by an employer, without the contemplation of the parties, and within the sole discretion of the employer at the end of the period, need not be included in the "regular rate" used for computing overtime pay. This "voluntary" type of payment, however, is excluded only when overtime rates are being computed. So far as relates to this case, a charge of the terms of Section 7(d) touching on bonus payments and rewards for service discretionary with the employer and the like would be relevant only to the claim of one employee for overtime. It was the duty of the trial court to make it plain that this was the case. On the contrary the trial

court intended to, as indicated by the colloquy with counsel, and did, make the provisions of 7(d) applicable to the entire claim on behalf of all four employees. This was clear error and requires a reversal of the judgment for submission of the proper legal issues to the jury.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.