W. Willard **WIRTZ**, Secretary of Labor, **USDL**

v.

**THOMPSON PACKERS, INC.**, et al.

**Civ. A. No. 12719.**

United States District Court
E. D. Louisiana.

Dec. 30, 1963.

Charles Donahue, Washington, D. C., Earl Street, Richard Collier, Dallas, Tex., for plaintiff.

J. Richard Reuter, Jr., New Orleans, La., for defendants.

FRANK B. ELLIS, District Judge.

By this suit, the Secretary of Labor seeks an injunction under Section 17 of the Fair Labor Standards Act to enjoin defendants from violating Sections 15(a) (2) and 15(a) (5) of that Act and also restraining the withholding of the payment of back wages representing overtime payments due and owing to defendants' employees. The Secretary alleges that defendants are engaged in interstate commerce and that they have employed persons in excess of 40 hours per week without paying the required overtime compensation as required by the statute. In essence, the Secretary requests this Court to stop defendants from the alleged practices and compel defendants to pay past overtime wages to their employees. Defendants have answered the complaint and request a jury trial. The Secretary has moved to strike the request for jury trial.

The Secretary's position is that the suit is one in equity and that therefore there is no jury trial of right. Reliance is placed on prior jurisprudence, especially two recent district court decisions, holding that actions under the Fair Labor Standards Act are equitable, not legal. Defendants assert that the action to enjoin further withholding of overtime wages found to be due by the court is legal in nature and subject to the Seventh Amendment to the Constitution. Plaintiff relies on the Seventh Amendment and the Supreme Court's decisions in Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988, and Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44.

Sections 15(a) (2) and 15(a) (5) are the enforcing provisions of Sections 6, 7, 11(c) and (d), and 14 of the Act. Section 7, the section involved here, provides for overtime wages for employees who work in excess of certain hours per week. Section 11(c), the other section involved here, provides that employers covered by the Act shall keep permanent records of wages and hours and make such reports as shall be required by rules promulgated by the Secretary. Section

16(b) provides that every employer shall be liable to his employees for violation of Sections 6 and 7 and the employee may bring a suit for those wages in any court of competent jurisdiction. Section 17 gives this court jurisdiction over injunctive proceedings to restrain violations of Section 15 as well as continued withholding of overtime compensation found by the court to be due and owing to the employees. The Secretary is empowered to bring an action under Section 17 and when he does, the right of the employee to sue for his back wages in a court of competent jurisdiction ceases. Hence, under the amended statute, the employees' former right to sue for back overtime wages is lost when the Secretary brings the same action by way of injunctive proceedings under Section 17. It is for such an action by the Secretary that the defendants here claim they have a constitutional right to jury trial.

In Goldberg v. Wimpy, 15 WH Cases 674 (Oct. 11, 1962), the United States District Court for the Southern District of Florida faced the issue of whether there is a Constitutional right to a jury trial in a Fair Labor Standards Act injunction suit where the Secretary of Labor seeks back wages as money damages on behalf of defendant's employees as an incident to injunctive relief. In striking defendant's demand for jury trial the court there stated "that this action is essentially one seeking an injunction and that the Seventh Amendment has no application even to cases where recovery for money damages is sought as an incident to injunctive relief." Recognizing then the Court's discretionary power to grant a jury trial on the issue of money damages, the Court added its opinion "that in this case there is no reason for departing from the general equity procedure in injunction cases" and refused a jury trial on that point also.

Another case treating this point in a much more exhaustive manner is Wirtz v. Alapaha Yellow Pine Products, 217 F.Supp. 465, (M.D.Ga.1963). This case was commenced under Section 17 of the Act and also included demands on behalf of employees for back wages. In the opinion, Judge Bootle thoroughly considers the power and jurisdiction of equity in providing injunctive relief to protect the "public" interest and concludes that when Congress explicitly conferred jurisdiction on the district courts under the 1961 amendments to allow the Secretary to sue for back wages on behalf of the employees, that this concession implied a Congressional intent to treat such actions merely as incidental to the equitable injunctive provisions of the Act. Furthermore, Judge Bootle concluded that the cases holding for the right to trial to jury where a "blending" of legal and equitable demands were present were not in point since the employee's cause of action arose by virtue of statutory grant and not from the common law.

In contraposition the defendants set up the Seventh Amendment and the principles embodied in two non-Fair Labor Standard Act Supreme Court cases. The Seventh Amendment is as follows:

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

This amendment is embellished by Rule 38 of the Federal Rules of Civil Procedure:

"The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."

While the plaintiff of record in this action is the Secretary of Labor, the defendants are met with a demand for back wages in behalf of their employees. Even though this demand is phrased in terms of an injunction restraining the withholding of compensation due the employees, it would be lending too much

credence to form and ignoring the substance of the matter to argue that the action is not one for money damages in the guise of back wages. From defendant's point of view then, the interests of the employees are as much in controversy here as if their individual names appeared in the pleadings as parties to the action.

■ It is settled that where an employee brings an action against his employer for alleged violations of the Fair Labor Standards Act under § 16(b) the parties are entitled to trial by jury, and it is error for a district court to refuse a request for a jury. Lewis v. Times Pub. Co., 185 F.2d 457 (5 Cir. 1950); Olearchick v. American Steel Foundries, 73 F.Supp. 273 (D.C.Pa. 1947). See also Ector Water Co. v. Easley, 325 F.2d 91 (5 Cir. 1963); Wirtz v. Leonard, 317 F.2d 768 (5 Cir. 1963). This rule is succinctly stated in 5 Moore's Federal Practice 208:

> "Thus where an employee or his representative brings an action, under § 16(b) of the (Fair Labor Standards) Act, against an employer for unpaid minimum wages and liquidated damages or for unpaid overtime compensation and liquidated damages, the action has been held to be such an action as formerly would have been denominated as an action at law with a right to jury trial."

It is apparent then that as between employer and employee there exists a right to jury trial under the Fair Labor Standards Act.

The blending of legal and equitable remedies arose in connection with a demand for trial by jury in two recent Supreme Court cases. In Beacon Theatres v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) a district judge refused to order jury trial in a declaratory judgment action where the defendant set up as a defense a treble damage claim under the anti-trust laws and demanded a jury trial of the factual issues therein. In denying the request the district court viewed the issues as essential-

ly equitable. The Court of Appeals affirmed, holding that a party seeking an injunction is entitled to have the issues in his suit determined by the judge first without a jury regardless of whether legal rights are involved. The Supreme Court reversed, citing Scott v. Neely, 140 U.S. 106, 109–110, 11 S.Ct. 712, 35 L.Ed. 358 (1891) for the proposition that the legal issues must be tried first:

> "In the Federal Courts this (jury) right cannot be dispensed with, except by the assent of the parties entitled to it, nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action or during its pendency." 359 U.S. at 510, 79 S.Ct. at 956, 3 L.Ed.2d 988.

By thus requiring determination of legal issues prior to consideration of equitable matters the Court is expressing clearly a policy preserving the right of trial by jury in all cases where a legal right is involved.

Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) also involved the denial of a jury trial. There the case involved an alleged patent infringement for which plaintiff sought an accounting in addition to his demands for injunctive relief. The Supreme Court reversed with the statement that "Beacon Theatres requires that any legal issues for which a trial by jury is timely and properly demanded be submitted to a jury." 369 U.S. 473, 82 S.Ct. 897, 8 L.Ed.2d 44. The legal proposition is apparently so settled now that the Supreme Court, in an opinion dated December 2, 1963, in Meeker v. Ambassador Oil Corp., 375 U.S. 160, 84 S.Ct. 273, 11 L.Ed.2d 261, tersely noted: "The judgment of the Court of Appeals for the Tenth Circuit is reversed. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988; Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44." See also Simler v. Conner, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963).

■ The primary concern in the instant case then is whether an action brought by the Secretary of Labor to enjoin violations of the Fair Labor Standards Act which also seeks back wages in behalf of defendants' employees involves a legal issue entitling defendant to a jury trial. As noted above, the employees have a discernible interest in the proceeding, and in fact, their rights are extinguished when this action is commenced. Had these employees sued their employer before seeking the aid of the Labor Department, it is likewise clear that the employer would retain the right to trial by jury in such a case since the action for back wages raises legal issues only. A purely equitable action for injunctive relief clearly does not permit jury consideration, but, under the recent Supreme Court rulings, any blending of legal and equitable issues entitles the parties to a jury trial of the legal issues. This Court concludes that in an action brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act to obtain payment of back overtime wages found to be due and owing by the court, jury trial is a matter of Constitutional right.

Two further points raised by the respective judges in Wimpy and Alapaha Yellow Pine Products, and argued herein, should be considered. In both cases the observation was made that where the legal issue was merely incidental to the main, equitable issue there was no need for a jury. This specific point was refuted in Dairy Queen when the chronology of "legal before equitable" was affirmed regardless of "whether the trial judge chooses to characterize the legal issues presented as 'incidental' to equitable issues or not." In support of its position the Court cited Thermo-Stitch, Inc., v. Chemi-Cord Processing Corp., 294 F.2d 486 (5 Cir. 1961):

"It is therefore immaterial that the case at bar contains a stronger basis for equitable relief than was present in Beacon Theatres. It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates controls. This is the teaching of Beacon Theatres, as we construe it." 369 U.S. at 473, 82 S.Ct. at 897, 8 L. Ed.2d 44.

■ The other point, raised only in Alapaha Yellow Pine Products, asserts that none of the issues raised under the Fair Labor Standards Act present issues triable to a jury as a matter of Constitutional right since they arise from statutory grounds and not from the common law. However, the fact that this is a statutory action does not prevent it from being within the scope of the Seventh Amendment requiring jury trial as a matter of right. Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505 (1916); Leimer v. Woods, 196 F.2d 828 (8 Cir. 1952); Steffen v. Farmers Elevator Service Co., 109 F.Supp. 16 (D.C.Ia.1952). Again, the rule is enunciated in 5 Moore's Federal Practice, 208:

"Although at the time of the adoption of the Seventh Amendment there was no right which would give rise to an action by an employee against his employer for unpaid minimum wages or unpaid overtime compensation, such an action under § 16(b) of the Fair Labor Standards Act may be analogized either to a common law action of debt or for general assumpsit, or for special assumpsit. Under the special assumpsit analogy it is necessary to imply that the terms of the statute become a part of the employment contract. In either debt or assumpsit (general or special) there was a jury trial at common law as a matter of right."

Thus, neither the "incidental to the main equitable issue" point, nor the "not cognizable at common law" point precludes the defendants' right to trial by jury in this case.

It is ordered that the motion of plaintiff to strike defendants' demand for jury trial be and the same is hereby denied and an appropriate jury be in due course had.