Vera **WILSON** et al., Appellants,

v.

**JOHN R. PINKETT, INC.,** a corporation, Appellee.

Nos. 4878–4884.

District of Columbia Court of Appeals.

Argued March 16, 1970.

Decided May 28, 1970.

———◆———

Florence Wagman Roisman, Washington, D. C., with whom Patricia M. Wald, Washington, D. C., on the brief, for appellants.

Annice R. McBryde, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

FICKLING, Associate Judge.

These appeals are taken from the summary judgment for possession of real estate in favor of appellee, the landlord, against appellants, the tenants. The facts and the issue to be resolved were submitted to the trial court by written stipulation of counsel. They are, in pertinent part:

> The [appellants] are tenants in a 216-unit housing project known as "Trenton Terrace." [They] have lived at Trenton Terrace for substantial period [sic] of time. * * *

> Since 1964, the ownership and management of Trenton Terrace changed several times: the property has been managed * * * since June 1968, by the John R. Pinkett Company, Inc. At no time has any [tenant] had a written agreement with any representative of any landlord or management company at Trenton Terrace. * * *

> On August 30, 1968 * * * John R. Pinkett, Inc., as landlord, caused a thirty days' [sic] notice to quit in writing to be served upon each of the [appellants]. Said notices to quit were served in accordance with the statutory requirements for [their] tenancies. Each [tenant] failed to surrender possession of his premises upon expiration of his notice to quit and these proceedings were commenced thereafter. [The tenants] concede [the landlord's] *prima facie* case for possession based upon a thirty-day notice to quit in writing, but they contend that the Court cannot award possession to the [landlord] because of its motive for terminating their tenancies. The parties stipulate that the evidence would reveal that [the landlord's] reason for issuing the thirty-day notices to quit to these [tenants] was [their] refusal to enter the form written rental agreement of John R. Pinkett, Inc. [because] that

rental agreement contains a waiver of the statutory thirty-day notice to quit in the event of certain breaches of the lease agreement.

*The issue presented for trial [was, and on appeal] is whether the Court [was] precluded from awarding [the landlord] possession of real property where it has fully complied with the statutory requirements because [its] motive in seeking the evictions was in each case [the tenant's] refusal to enter a written lease agreement containing the waiver of the right to thirty-days' notice to quit in the event of certain breaches of the lease agreement.* [Emphasis supplied.]

The tenants argue that the statutory notices to quit in this case are invalid because they are intended to punish the tenants for refusing to agree to waive their right to notice and to deter other tenants from so doing. They urge that this is an abuse of the landlord's power to evict and defeats the Congressional attempt to preserve and protect the right to notice.

It is our view that this contention must fail by its own weight. They argue that "[i]f a tenant who is entitled to thirty-days' notice could be forced by his landlord to accept a change in the terms of his tenancy, so that he no longer had that right to notice, then the landlord, acting unilaterally, could destroy the protection upon which Congress has insisted." We take particular issue with the tenants' view that the landlord was attempting to change the terms of their tenancy. The tenancies here were verbal hirings by the month and therefore were estates by sufferance. D.C. Code 1967, § 45–820. The landlord's request that the tenants agree to a written lease was an attempt not to change the terms of the tenancy but to terminate it and

substitute a different one for it. *See, e. g.,* D.C.Code 1967, § 45–821. Since the tenants did not choose to terminate their tenancies voluntarily by executing a new written lease, the landlord served them with the statutory notice, D.C.Code 1967, § 45–905, at the expiration of which the tenancy was terminated and nonexistent. Rubenstein v. Swagart, D.C.Mun.App., 72 A.2d 690, 693 (1950).

We are not aware of any legislative or public policy prohibiting such action. We think that the tenants' reliance upon Edwards v. Habib, 130 U.S.App.D.C. 126, 397 F.2d 687 (1968), cert. denied, 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969), for the proposition that the notices to quit in the case at bar are invalid because of the motive behind them, is erroneous. *Edwards* dealt with "improper" motives, specifically, retaliation for Mrs. Edwards' reporting of housing code violations to the authorities. But *Edwards* also states that a "landlord may evict for any legal reason."[1] We are not convinced that the motive of the landlord here, to lease his premises to persons who agree to a statutorily authorized waiver of notice to quit[2] and to evict those tenants who refuse to agree to such a lease, is an illegal reason. In fact, we are of the contrary view. Congress obviously did not intend that the right to a 30-day notice to quit would be absolute as the tenants imply. Congress, in § 45–908, clearly intended to provide for just such a waiver, and a landlord's attempt to lease his premises in accordance with statutory authority is proper. The landlord's right to rent his premises under conditions authorized by statute is coincident with the tenant's right to refuse to execute such lease if he should desire not to do so. The tenants' characterization of the landlord's action as punishment is a conclusion not supported by the record and,

1. 130 U.S.App.D.C. at 138, 397 F.2d at 699.

2. D.C.Code 1967, § 45–908 provides:
   Nothing herein contained shall be construed as preventing the parties to a lease, by agreement in writing, from substituting a longer or shorter notice to quit than is above provided or to waive all such notice.

in fact, contrary to the stipulated reason for the eviction.

With respect to the tenants' argument as to the validity of the unexecuted written lease, which is not in the record, that issue plainly was not before the trial court and, therefore, not before us.

We find no error.

Affirmed.

GALLAGHER, Associate Judge (concurring).

As I see it, appellants' principal contention is that the statutory scheme, D.C. Code 1967, §§ 45–901 through 908, creates a tenant's right to 30 days' notice to quit prior to the institution of proceedings for possession by his landlord, though concededly Section 45–908 authorizes an agreement between the parties to shorten the notice period or to waive it altogether. Appellants urge with considerable force that once the parties fail to agree on a waiver of the 30-day notice to quit requirement, all that remains of the statutory scheme is the tenant's right to such notice, which is grounded in public policy.

From these premises appellants argue that the notices to quit in this case are invalid, as they seek to punish the tenants for insisting on their statutory rights to 30 days' notice.[1] By way of analogy appellants cite, *inter alia*, Edwards v. Habib, 130 U.S.App.D.C. 126, 397 F.2d 687 (1968) (retaliatory evictions for reporting housing code violations); and United States v. Beaty, 288 F.2d 653 (6th Cir. 1961) (eviction to deter tenant from exercising the right to vote). The distinguishing feature in those cases, however, is that the landlord was basing his attempted evictions on his own illegal purpose. *See Edwards, supra* 130 U.S.App.D.C. at 139–141, 397 F.2d at 700–701; *Beaty, supra* 288 F.2d at 656. There is no such illegal conduct here.

Affirmance of these evictions does not work to endorse an illegal waiver. This case is unlike Wirtz v. Leonard, 317 F.2d 768 (5th Cir. 1963), suggested by appellants to stand for the premise that the courts will not enforce an employment contract for wages below the statutory minimum. There the court recognized the rule that the parties to an employment contract may not agree to waive the working condition or minimum wage provisions of the Fair Labor Standards Act. Waiver of the 30-day notice to quit is, on the other hand, statutorily authorized, D.C.Code 1967, § 45–908, and a lease containing a waiver of the 30-day notice to quit requirement would be enforceable. H. L. Rust Co. v. Drury, 62 App.D.C. 329, 68 F.2d 167 (1933). If this statutory authorization were absent the result, for me, would be to favor a reversal of the judgment.

From this I would conclude that this new landlord could obtain possession upon the termination of the 30 days' notice he gave to these tenants.

---

1. In view of the stipulation in this case, this is the sole question presented.