QUINN *& a., Ap'ts, v.* MADIGAN.

Expenses lawfully incurred in defending an estate against claims accruing
in the lifetime of the testator are not chargeable to the residuary lega-
tee, but are to be paid out of the assets of the estate.

PROBATE APPEAL. Facts agreed. By his last will, John Burns,
after making certain legacies, devised and bequeathed the remain-
der of his estate to Joseph Madigan; but if said Joseph should
die under age and unmarried, then to the appellants. Joseph Mad-
igan died July 12, 1888, under age and unmarried. The testator
died September 22, 1874. The appellee was the guardian of Jo-
seph Madigan, and had the care and control of the property de-
rived from the Burns estate. He is also the heir at law of both
Joseph Madigan and Mary Burns, wife of the testator, through
said Joseph. At the request and on behalf of the executors of the
Burns estate, the appellee incurred large expenses, prior to said
Joseph's death, in defending certain claims against the estate.
The questions in this case arise upon the settlement of his accounts
in the probate court. The appellee claims the right to have these
expenses paid out of the capital of the Burns estate. The appel-
lants claim that the expenses should be paid from the income
derived from said estate; also, that the appellee is not entitled to
any part of the dividends on stocks belonging to said estate which
had not been declared previous to Joseph Madigan's death.

*J. Kivel*, for the appellants.

*J. Hatch*, for the appellee.

CLARK, J. The expenses of defending the Burns estate against
the claims of Nancy Burns and Mary A. Berry were not charge-
able to Joseph Madigan. That litigation affected him only as it
diminished the estate. The suits being founded upon alleged
claims accruing against John Burns in his lifetime, the reason-
able expenses in defending against them were proper matters to be
allowed by the probate court, and paid out of the assets of his
estate.

It is a general rule of the common law that sums of money pay-
able at fixed times are not apportionable during the intervening
periods. A contract for the payment of rent at a specified time
is not apportionable in respect of time, unless by special provision,
and a covenant to pay rent on a specified day creates no debt until
the day of payment arrives. *Perry* v. *Aldrich*, 13 N. H. 343;
*Russell* v. *Fabyan*, 28 N. H. 543; *Sohier* v. *Eldredge*, 103 Mass.
345. So dividends on shares in corporations or joint stock compa-
nies are not apportionable, unless expressly so directed by statute

or by the instrument under which the question arises.     Cook Stock and Stockholders, s. 558; Per. Tr., s. 556; *Foote, app't*, 22 Pick. 299; *Granger* v. *Bassett*, 98 Mass. 462; *Dexter* v. *Phillips*, 121 Mass. 178.   Annuities intended for the daily support of the beneficiary, as in the case of a child, or the separate maintenance of a married woman, or an annuity given to a widow in lieu of dower, and interest money accruing from day to day, are not within the rule.   The difficulty of making an apportionment of dividends is one reason for the rule.   It would be impracticable in many cases, and perhaps impossible in some instances, to determine the amount of net earnings at a given time with any degree of accuracy, and hence the earnings and acquisitions are treated as mere incidents to the capital stock, and undistinguishable and inseparable from it till set apart by the declaration of a dividend, when they become income as distinguished from capital.   The undeclared dividends upon the stocks of the Burns estate accruing previous to the death of Joseph Madigan, go to the remainder-men as a part of the *corpus* of the estate.

*Case discharged.*

CARPENTER, J., did not sit: DOE, C. J., absent: the others concurred.