## IONESCUE v. DETTMERS.
### No. 387 Original.

Municipal Court of Appeals for the
District of Columbia.
May 28, 1947.

Benjamin Simon, of Washington, D. C., for applicant.

No appearance for respondent.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

Defendant, against whom a judgment was rendered in the Small Claims and Conciliation Branch of the Municipal Court, has applied to this court for allowance of an appeal. Under the statute there is no right of appeal from judgments of the Small Claims Branch but an appeal is allowed on application if any one judge of this court is of the opinion that it should be allowed. Code 1940, (Supp. V) 11—772(a).[1] Our Rule 28 requires that such application shall be on a standard form prescribed by the Municipal Court and filed within three days from judgment, as provided by the statute, and further requires that the application "shall contain a sufficient recital of the proceedings and evidence, reasonably to present the ruling or rulings sought to be reviewed."[2] The purpose of this latter requirement is obvious. The judges of this court cannot consider intelligently an application unless it shows sufficiently the error alleged to have occurred in the course of the trial. Generally applications are allowed only where there is a showing of apparent error or a question of law which has not been, but should be, decided by this court.

The instant application shows that the judgment rendered was for a balance claimed by plaintiff on labor and material furnished defendant. The ground for ap-

[1] The same procedure is provided in criminal cases where the penalty imposed is less than $50.

[2] A party not represented by counsel is, by virtue of the statute, entitled to the assistance of the clerk in preparing the application. The present application, however, is signed by counsel.

peal is stated to be: "Evidence did not warrant finding and judgment for plaintiff." No other information is supplied. Plainly no judge of this court can formulate any opinion as to whether the evidence warranted the finding, because we are not given even a slight intimation as to what evidence was produced for either plaintiff or defendant. Our only course is to deny the application. While under Rule 28(e) we may call for a further statement of evidence, approved by the trial court, if such is necessary to determine the application, the rule contemplates such action only when there is at least a prima facie showing of merit in the application.

The prescribed form of application properly states that the grounds shall be stated as simply and as specifically as possible, but it must be read in conjunction with the requirement of Rule 28 that there be a sufficient recital of the proceedings and evidence to present to us the ruling sought to be reviewed.

The application now under consideration contains nothing more than the bald assertion that the evidence did not warrant the finding. Even a motion for a new trial, addressed to the judge who heard the case, should be more informative. To us, who have no knowledge of the evidence presented at the trial, the assertion is meaningless.

Application denied.