## MILLER v. PLUMLEY.

### No. 999.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 4, 1950.

Decided Dec. 12, 1950.

Donald H. Dalton, Washington, D. C., for appellant.

A. C. Plumley, pro se.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff and defendant made an oral agreement for the rental of plaintiff's garage at a monthly rate. Defendant vacated the garage August 1, 1950, without giving any written notice of his intention so to do. Plaintiff sued for rent for the months of June, July and August. Defendant admitted the debt for the first two months but denied liability for the August rent on the ground that he had not occupied the garage during that month. The Small Claims Branch of the Municipal Court gave judgment for the June and July rent but decided against the landlord as to the August rent. We granted an application for appeal[1] by the landlord in order to decide the issue of the August rent.

The trial court was mistaken in its application of the law. Under Code 1940, 45—820, "all verbal hireings by the month or at any specified rate per month, shall be deemed estates by sufferance."[2] Code 1940, 45—904, provides that a tenancy by sufferance may be terminated by a notice in writing from the landlord to the tenant to quit the premises "or by such notice from the tenant to the landlord of his intention to quit on the 30th day after the day of he service of the notice." The usual case which has arisen on many occasions in-

---

1. Code 1940, Supp. VII, 11—772(a).

2. Boss v. Hagan, 49 App.D.C. 106, 261 F. 254, 8 A.L.R. 1508.

volves the failure of the landlord to give the necessary written 30-day notice to quit, and it has been held on many occasions that the tenancy is not ended until the expiration of the written notice. The statute clearly contemplates that the reverse shall also be true, namely, that unless there is a waiver the tenant may not end a tenancy by sufferance without first giving a 30-day notice in writing of his intention. The tenant in this case having failed to give the notice required by law and it being conceded that the garage was not rented during the month in question, the tenant became liable for the additional month's rent.[3]

Affirmed as to judgment for plaintiff for rent for June and July, and reversed as to remainder of judgment with instruction to enter additional judgment for plaintiff for rent for August, with interest from date of original judgment and costs.

3. See Johnson v. Theo Hamm. Brewing Co., 213 Minn. 12, 4 N.W.2d 778; Wyatt v. Erny, 193 Ark. 479, 101 S.W.2d 181; Cashman v. Dumaine, 85 N.H. 467, 160 A. 484; Eastman v. Vetter, 57 Minn. 164, 58 N.W. 989; 52 C.J.S., Landlord and Tenant, § 490, p. 267.