## KEUROGLIAN et ux. v. WILKINS.
### No. 1198.

Municipal Court of Appeals for the District of Columbia.

Argued April 21, 1952.

Decided May 7, 1952.

Arthur L. Willcher, Washington, D. C., for appellant.

Donald K. King, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The question before us is whether a tenant at sufferance who vacated an apartment without first giving his landlords a written 30-day notice of his intention to quit should be required to pay rent for more than the period which would have been covered by such notice.

This litigation was commenced when the tenant sued the landlords for statutory overcharges of rent covering a 25-month period. That claim was decided in favor of tenant and is not involved on this appeal.[1]

As a separate defense the landlords filed a counterclaim charging that the tenant vacated the apartment on September 26, 1950 without giving a written notice as required by law and that because the landlords were unable to re-rent the apartment until late in December they were entitled to rent for the 3-month period involved. It was not disputed that the tenant gave only a verbal notice a few days before he vacated. There was some dispute as to when a piano which tenant left behind was removed from the apartment but the trial judge decided on conflicting evidence that the delay in moving the piano was due to the fault of the landlords and there seems to be nothing for us to review in connection with that ruling. The trial judge limited tenant's liability for failure to give the statutory notice, to rent for one month beyond the time when the notice should have been given. We think the ruling was correct.

When parties contract for a definite lease term no notice to quit need be

[1] Though error was assigned in connection with that part of the judgment, it was abandoned on the oral argument before us.

given when the term expires, Code, § 45–901, for the obvious reason that the parties have decided in advance when possession shall come to an end. In other situations the Code provides for notice so that the tenant shall have time to arrange for new quarters and the landlord shall not find himself with abandoned property on his hands. The maximum notice required by the Code, § 45–902 et seq. is 30 days, whether from landlord to tenant or vice versa. In tenancies from month-to-month each month is regarded as a new "periodic tenancy,"—a tenancy for a month certain plus an expectancy or possibility of continuation for one or more similar periods. Zoby v. Kosmadakes, D.C.Mun.App., 61 A.2d 618; Dorado v. Loew's Inc., D.C.Mun. App. No. 1191, 88 A.2d 188.

 A tenancy at sufferance, such as this was, is less formal and may be terminated at any time by a 30-day notice to quit which need not expire on any particular day of the month. In Miller v. Plumley, D.C.Mun.App., 77 A.2d 173, we had a similar situation before us. There a tenant at sufferance vacated a garage without first giving the written 30-day notice required by statute. We held that because of the failure to give such notice the tenant became liable for the one month during which the notice would have run. We know of no decision in this jurisdiction or elsewhere which imposes liability on a tenant for any longer period, for failure to give notice. Certainly we know of no decision to support appellants' contention that because of the tenant's failure to give notice, they were entitled to be paid rent "until either there was a surrender of the premises to them by the appellees in writing and an acceptance of such surrender by the appellants." If that contention were sound a tenant who failed to give written notice could be required to go on paying rent for an indefinite period and until the landlord succeeded in finding a new tenant. No statute or court decision gives sanction to so harsh a rule. We hold that the trial court was right in limiting tenant's liability to the one month when notice should have been but was not given.

Affirmed.