518

Lucy Jane ELLIOTT, Appellant,

v.

George E. CRAWFORD, Appellee.

George E. CRAWFORD, Appellant,

v.

Lucy Jane ELLIOTT, Appellee.

Nos. 1711, 1712.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 7, 1955.

Decided Nov. 22, 1955.

Lester D. Reber, Washington, D. C., for Elliott.

Benjamin W. Dulany, Washington, D. C., for Crawford.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A landlord sued a former tenant of rooming house property, claiming rent for a thirteen-month period running from January 1954 through January 1955. Defendant answered that she had vacated the premises in December 1953, and also counterclaimed for the value of improvements she had made on the property and for the value of personal property she said plaintiff had converted to his own use.

In detailed and comprehensive findings of fact the trial judge found, among other things, that plaintiff had accepted surrender of the premises as of April 1954 and that tenant owed rent only through March of that year. The judge also found that in making improvements on the property defendant had acted as a volunteer, and consequently, was not entitled to reimbursement therefor; also that plaintiff had not converted any property of defendant. Both parties appeal.

Plaintiff's appeal is based on the contention that he was entitled to rent for the period through March 1955 instead of only through March 1954. Though the situation was surrounded by considerable confusion, the trial judge found on sufficient evidence that defendant vacated the house in late 1953, but left furniture there for the operation of a rooming house and had first one and then another person operate the rooming house business under management contracts. The judge also found that in April 1954 the landlord accepted rent from the second of these persons, a lady named Calhoun. From that and other evidence the judge concluded that plaintiff had accepted surrender of the premises as of April 1954 and was not entitled to demand rent from defendant after March 1954. Without burdening this opinion with the details of the involved series of transactions between the parties, we hold that the evidence fully justified the finding that tenant's responsibility for rent ceased in March 1954.

Defendant's appeal presents the argument that because in November 1953 she told the landlord that she intended to vacate, she was relieved of liability for future rent. But defendant did not then vacate the property; she continued to operate the rooming house business through two separate managers until April 1954 when, as we have seen, the landlord accepted rent from the second of such managers. It cannot be said that a verbal notice of intention to vacate, followed by a continuing occupancy, works a termination of a tenancy. If the tenant had actually moved out without giving a written notice, she, as a tenant at sufferance, would have been liable for one month's rent. See Keuroglian v. Wilkins, D.C.Mun.App., 88 A.2d 581; Miller v. Plumley, D.C.Mun.App., 77 A.2d 173. Liability for the ensuing months was based on her continuing operation of a rooming house business on the premises.

Defendant challenges the judge's denial of recovery on her counterclaim for furniture allegedly converted by the landlord. As to this the judge found that the furniture left on the premises belonged to someone other than defendant, that any items of personalty left on the premises had been abandoned by defendant, and that their value was inconsequential, if any. Those findings were supported by substantial evidence.

Affirmed.