Warren **WILLIAMS,** Appellant,

v.

**TENCHER–WALKER,** Inc., Appellee.

No. 1817.

Municipal Court of Appeals for the District of Columbia.

Argued June 25, 1956.

Decided Aug. 20, 1956.

Edward L. Carey, Washington, D. C., for appellant.

S. Churchill Elmore, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The parties agree that these are the facts of this case. Appellant, hereafter called tenant, leased an apartment from appellee, hereafter called landlord, for a term of two months commencing May 1, 1954; after expiration of the term the tenant with permission of the landlord continued in possession; on September 22 the wife of the tenant went to the landlord's office and informed it that she and her husband would vacate the apartment within thirty days; on the same day the wife wrote the landlord, stating: "This is to confirm our conversation of today. We have purchased a house, and wish to move by the first of October;" the letter further stated: "We shall vacate the apartment, but will be happy to show the apartment in the interim at any time," and also authorized the landlord to enter and show the apartment in the absence of the tenant; on many occasions after that, while the tenant remained

in possession, the landlord had persons inspect the apartment for the purpose of renting it to them; on October 4 the tenant paid to the landlord rent for the month of October; on October 9 the tenant moved out; and the apartment remained vacant until November 15 when the landlord secured a new tenant.

The parties concede these propositions of law. When, after expiration . of the term, the tenant continued in possession and paid rent, a tenancy by sufferance was created;[1] such a tenancy may be terminated at any time by a notice in writing from the tenant to the landlord of his intention to quit on the thirtieth day after the date of the service of the notice;[2] and purely formal defects in such a notice will not vitiate it.[3]

On these admitted facts and conceded principles of law, our question is whether the trial court was correct in holding the tenant liable for rent for the month of November, less the rent paid by the new tenant for the latter half of that month.

It is the contention of the tenant that on September 22 an oral thirty-day notice was given and that the letter of that date "confirming" in general terms the oral notice, satisfied the statutory requirement of notice in writing. The landlord contends that the statutory requirement is not met by a writing which is not specific and the contents of which are understandable only by reference to an oral notice or conversation. The tenant also contends that the landlord by its action waived its right to notice in writing and is estopped to assert such right.

■ We think it unnecessary to answer these contentions. Whatever may have been the intention of the parties with respect to the conversation and letter of September 22, and what would otherwise have been the legal effect thereof, is in our view rendered immaterial by the action of the parties on October 4. On that day the tenant paid and the landlord accepted rent for the entire month of October. When this was done the tenant had the right to remain in possession throughout the month. Even if the notice of September 22 was valid when given, neither landlord nor tenant was bound by it after rent was tendered and accepted for a period extending beyond the expiration date of the notice. It is the rule in this jurisdiction that "when a landlord gives notice to quit and later accepts rent for a new term or part thereof, he waives his right to demand possession under the notice." Shapiro v. Christopher, 90 U.S.App.D.C. 114, 117, 195 F.2d 785, 789. That rule applies here. Both landlord and tenant waived any rights they had under the notice of September 22, and the trial court was correct in ruling that the tenant vacated without giving the required notice.

■ However, we think the trial court was in error in holding that failure to give notice made the tenant liable for rent for the full month of November. We have ruled that a tenant at sufferance who vacates without giving the required thirty-day notice is liable for rent for the month (thirty days) during which the notice would have run.[4] Here the tenant vacated on October 9 without giving notice. Had notice been given on that date it would have expired on November 8. Accordingly the tenant was liable for rent only through November 8. Rent having been paid for the month of October, the landlord was entitled to recover only eight days' rent. The judgment will be reversed and the case remanded for recomputation of the amount of rent due.

1. Code 1951, § 45–820.

2. Code 1951, § 45–904.

3. Globe Clothing Shop v. Skolnick, D.C. Mun.App., 50 A.2d 271.

4. Keuroglian v. Wilkins, D.C.Mun.App., 88 A.2d 581.

The tenant also says it was error to allow the landlord an attorney's fee as provided for in the written lease. This provision was applicable to the holding-over tenancy,[5] and the amount to be awarded rests in the sound discretion of the trial court. In view of our disposition of the main issue, we also remand for further consideration the amount of attorney's fee.

Reversed with instructions.

5. Hampton v. Mott Motors, D.C.Mun.App., 32 A.2d 247. See also Gostin v. Needle, 185 Md. 634, 45 A.2d 772, 163 A.L.R. 1013.