**THOMAS D. WALSH, INC., Appellant,**

v.

**Thomas H. MOORE, Appellee.**

**No. 2151.**

Municipal Court of Appeals for the District of Columbia.

Argued March 3, 1958.

Decided May 26, 1958.

Rehearing Denied June 6, 1958.

David L. Riordan, Washington, D. C., for appellant.

Maurice R. Weeks, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal involves a landlord's claim for a month's rent from a tenant who paid rent during his occupancy, but vacated without giving the statutory thirty-day notice of his intention to quit.

The evidence showed that the tenant took possession on the 15th of the month under a written lease as a tenant by the month at a monthly rental of $135; that the tenant gave written notice of his intention to quit on March 15, but thereafter his rent was reduced to $115 a month and he continued in possession until June; that on June 3 the tenant wrote to the landlord requesting a further reduction in rent and stating that if he could not obtain this reduction he would be "forced to give it up"; that the

landlord did not agree to this request and on June 14 the tenant went to the landlord's office and gave the key to the landlord's employee, a person experienced in real estate matters and the one who had been collecting the rent, and told her he had vacated as of that date; that the landlord's employee took the key without protest or comment and on the following day had a rental sign placed on the premises; and that the premises remained vacant for a month. It is for this month that the landlord is claiming rent.

In this jurisdiction it is established law that in case of a tenancy from month to month the landlord is entitled to a written thirty-day notice to quit from the tenant;[1] and if the tenant quits without giving such notice he is liable for an additional month's rent.[2] But it is also established that the landlord may waive his right to such notice, and a surrender by the tenant and an unqualified acceptance by the landlord terminates the tenancy and relieves the tenant from further liability for rent. Whether there is such a surrender and acceptance is generally a question of fact. The mere acceptance of the key and re-entry for the purpose of rerenting does not conclusively establish, as a matter of law, that the tenant is relieved from further rent.[3] The question remains whether the landlord's resumption of possession is to the exclusion of the tenant with intent to relieve him from further liability.[4] Under the testimony above set forth this case presented a question of fact. The trial court found that the landlord had accepted the surrender and waived his right to notice, and we cannot hold that such finding was unsupported by the evidence.

Affirmed.

1. Code 1951, 45–902.

2. Keuroglian v. Wilkins, D.C.Mun.App., 88 A.2d 581; Miller v. Plumley, D.C.Mun. App., 77 A.2d 173. These cases involve tenancies at sufferance, but the same principle applies to tenancies from month to month.

3. Baskin v. Thomas, 56 App.D.C. 310, 12 F.2d 845.

4. Diatz v. Washington Technical School, Inc., D.C.Mun.App., 73 A.2d 718, affirmed sub nom. Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26.