Leonard **WESLEY** and Mary Wesley,
Appellants,

v.

Farell R. **SHAFTEL**, Morris Yamner, and
Robert E. Paulson, Appellees.

No. 2747.

Municipal Court of Appeals for the
District of Columbia.

Argued April 24, 1961.

Decided May 19, 1961.

Herman Miller, Washington, D. C., for appellants.

Morris Yamner, with whom Farell R. Shaftel and Robert E. Paulson, were on the brief, pro se.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

Landlords appeal from a judgment requiring return of unearned rent and of a security deposit.

Tenants had rented an apartment and soon after moving in a dispute arose with the landlord [1] concerning use of certain parking facilities. Plaintiffs' evidence was that following the dispute landlord made an offer giving them the right to terminate the tenancy and vacate the apartment after one-week's notice, and agreed that he would then refund to them the pro rata amount of unearned rent for that month, together with the security deposit; that acting on such offer they gave notice of a week and then vacated the apartment and surrendered the keys to the landlord. Though landlord denied he had made such an agreement the trial court accepted plaintiffs' version and found in their favor.

On this appeal landlord contends that he was entitled to a notice of thirty days, in writing, and that the oral agreement for a shorter notice was ineffectual. This contention was answered in Thomas D. Walsh, Inc. v. Moore, D.C.Mun.App., 141 A.2d 754. There, with no advance notice, the tenant surrendered the key and the landlord took possession. We held this constituted a waiver of the right to the statutory thirty-day notice. Here the evidence supported the finding that there was an express agreement for a waiver of notice

1. There were two landlords, but for simplicity and convenience we refer to them in the singular.

and for surrender and acceptance of possession, acted on by the parties. In such circumstances a landlord cannot be heard to repudiate his agreement.

 Dorado v. Loew's, Inc., D.C.Mun. App., 88 A.2d 188, relied on by appellants is not in point. That case dealt with the nature and effect of an advance agreement for a shortened notice period and with the necessity of complying with the statutory termination date. In our case there was a new agreement based on mutual considerations for terminating the tenancy by notice, surrender and acceptance. When the tenants performed their part of the agreement, the landlords' liability to perform their part was established. It is by no means a novel doctrine that parties to a contract may modify, rescind or discharge it by subsequent oral agreement. Nickel v. Scott, D.C.Mun.App., 59 A.2d 206, and cases there cited.

Affirmed.