Doris L. HOLLINGSWORTH, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 19195.

United States Court of Appeals
District of Columbia Circuit.

May 6, 1966.

Petition for Reconsideration Denied
May 23, 1966.

Before WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

Petitioner was convicted in the District of Columbia Court of General Sessions for violating D.C.Code § 22–507 (1961), by having made "threats to do bodily harm" to a policeman. She made application for an appeal to the District of Columbia Court of Appeals, see D.C.

Code § 11–741(c);[1] that court unanimously denied the discretionary appeal. D.C.Code § 17–301(b). She has now petitioned this court for allowance of an appeal.

Respondent has moved to dismiss the petition for lack of jurisdiction, relying on D.C.Code § 17–301(b).[2] However, as reflected in Stone v. District of Columbia, 123 U.S.App.D.C. ——, 359 F.2d 275, decided April 8, 1966, where we affirmed but did not grant the motion to dismiss, we have jurisdiction pursuant to the authority vested in this court by D.C.Code § 11–321(b), in order to review the action of the D.C. Court of Appeals in refusing to allow an appeal to that court. The motion to dismiss for lack of jurisdiction is therefore denied.

Petitioner, who is proceeding *in forma pauperis*, has asked this court to order the preparation of a transcript of her trial at government expense. Disposition of this motion requires us to consider whether our recent decision in Tate and Edelin v. United States, 123 U.S.App.D.C. ——, 359 F.2d 245, decided March 28, 1966, extends to the facts of this case.

We held in *Tate and Edelin* that an indigent appellant in the District of Columbia Court of Appeals, who appeals from a conviction in the U. S. Branch of the Court of General Sessions, must be provided a transcript, according to the standards laid down by the Supreme Court in Hardy v. United States, 375 U.S. 277,

84 S.Ct. 424, 11 L.Ed.2d 331 (1964). We think that the *Tate and Edelin* holding does not apply to cases like this, in which "the penalty imposed is less than $50," [3] D.C.Code § 11–741(c), and in which there is therefore no absolute right of appeal to the D.C. Court of Appeals. By providing in those cases only a discretionary appeal to the D.C. Court of Appeals, Congress has manifested its intention to permit that court to weigh the importance of the question presented before deciding whether to hear the case. We think the D.C. Court of Appeals need not provide a transcript for the assistance of the applicant or his counsel in preparing an application for leave to appeal unless it can fairly be said that a transcript is necessary in order to decide if an important and significant question is presented.

The application for an appeal in the D.C. Court of Appeals contained, we think, sufficient information for that court to decide that the case was not significant enough for it to grant an appeal. We consider that there are no "special and important reasons," [4] for reviewing that determination in this case. The motion for the preparation of a transcript is denied, and the petition for allowance of an appeal is also denied.

It is so ordered.

WILBUR K. MILLER, Senior Circuit Judge, would grant respondent's motion to dismiss the petition.

1. All citations are to the 1966 Supplement to the Code.

2. " * * * When all the judges [of the D.C. Court of Appeals] are of the opinion that an appeal should be denied, the denial shall stand as an affirmance of the judgment of the trial court, and there shall be no further appeal."

3. Petitioner's counsel seeks to raise in this court the issue that petitioner should have had an appeal of right in the D.C. Court of Appeals. The sentence imposed was a twenty-five dollar fine or fifteen days in jail. Counsel says that such an alternative sentence is not "less than $50" within the meaning of D.C.Code §

11–741(c). See Wildeblood v. United States, 109 U.S.App.D.C. 163, 164, 284 F.2d 592, 593 (1960) (dissenting opinion of Edgerton, J.). However, petitioner did not proceed by the filing of a notice of an appeal in the D.C. Court of Appeals, and the application for a discretionary appeal in that court stated that the penalty imposed was a "$25 fine, sentence suspended." There may be merit in the issue petitioner seeks to raise, but it is not properly before this court, since it was not raised in the court below.

4. Rule 1, D.C.Cir.Rules Governing Review of Cases from the D.C. Court of Appeals.