Arthur WILLIS, Petitioner,

v.

RETAIL ADJUSTMENT BUREAU, INC., Assignee of Jeffrey Garden Apartments, Respondent.

No. 20904.

United States Court of Appeals District of Columbia Circuit.

June 30, 1967.

Mr. Brian Michael Olmstead, Washington, D. C., was on the brief for petitioner.

Mr. Paschal R. La Padula, Washington, D. C., entered an appearance for respondent.

Before BURGER, WRIGHT and LEVENTHAL, Circuit Judges, in Chambers.

ORDER

PER CURIAM.

On consideration of petitioner's petition for allowance of appeal from a judgment of the District of Columbia Court of Appeals, and of petitioner's brief in support thereof, and this court having entered an order herein on June 5, 1967, directing the respondent to show cause within 10 days why the aforesaid petition should not be granted and the judgment of the District of Columbia Court of Appeals reversed and the case remanded with directions to allow the petitioner to appeal from the judgment of

the Small Claims and Conciliation Branch of the District of Columbia Court of General Sessions, and it appearing that no answer to said order has been filed by respondent, it is, for the reasons hereinafter set forth,

Ordered by the court that the aforesaid petition be granted and petitioner is allowed to appeal from the judgment of the District of Columbia Court of Appeals, and it is

Further ordered by the court that the judgment of the District of Columbia Court of Appeals in this cause be reversed, and this case is remanded with directions to allow petitioner to appeal from the judgment of the Small Claims and Conciliation Branch of the District of Columbia Court of General Sessions.

BURGER, Circuit Judge, did not participate in the foregoing order.

PER CURIAM:

■ Petitioner was sued in the Small Claims and Conciliation Branch of the District of Columbia Court of General Sessions (hereafter Small Claims Court) on a claim of unpaid rent. The dispute focused on whether petitioner had given adequate notice before vacating an apartment he occupied as a tenant at sufferance. After a trial without a jury, judgment was awarded to respondent, assignee of the landlord's claim. Petitioner thereupon filed a timely application for an appeal to the District of Columbia Court of Appeals, see D.C.Code § 11–741 (c).[1] That court unanimously denied leave to appeal, D.C.Code § 17–301(b), as well as a petition for reconsideration of that denial. Petitioner now petitions for allowance of an appeal to this court. Respondent has not filed an opposition to this petition. "[W]e have jurisdic-

tion pursuant to the authority vested in this Court by D.C.Code § 11–321(b), in order to review the action of the D.C. Court of Appeals in refusing to allow an appeal to that court."[2]

In establishing standards for allowance of an appeal from the Small Claims Court, the District of Columbia Court of Appeals has held that an appeal will be allowed when the application therefor shows "apparent error."[3] One of the issues raised by petitioner in his application was that even if he had failed to give adequate notice of his intention to vacate the premises, any liability thereby incurred would have extended for 30 days past August 27, 1966, the day he vacated the premises. The trial judge found the 30 day liability to commence on September 1, 1966, even though this was subsequent to the date the premises were vacated.

■■ In this regard, the District of Columbia Court of Appeals has held that when a tenant at sufferance vacates without giving proper 30-day notice, he is liable for rent for the 30 days subsequent thereto during which the notice would have run.[4] Thus, the trial judge was apparently in error when he awarded judgment to respondent for 30 days rent commencing on September 1, 1966. The point was assigned as a reason for appeal; the opposition argued only that all points had been fully considered by the trial court. The additional amount the petitioner was required to pay was small, but all judgments rendered in the Small Claims Court are for small sums. That alone should not bar appellate review when plain legal error has been committed below. Indeed, the District of Columbia Court of Appeals has allowed an appeal from the Small Claims Court in at least one other case raising the same

---

1. All citations are to the 1966 Supplement to the Code.

2. Hollingsworth v. United States, 124 U.S. App.D.C. 27, 28, 360 F.2d 842, 843 (1966).

3. American Storage Co. v. Briggs, D.C.Ct. App., 56 A.2d 557 (1948); Ionescue v.

Dettmers, D.C.Ct.App., 53 A.2d 287 (1947).

4. Keuroglian v. Wilkins, D.C.Ct.App., 88 A.2d 581 (1952). Williams v. Tencher-Walker, Inc., D.C.Ct.App., 125 A.2d 58 (1956).

issue in order to correct just such an error.[5]

Accordingly, we grant petitioner's petition for allowance of an appeal, reverse the judgment of the District of Columbia Court of Appeals, and remand the case with directions that said court allow petitioner leave to appeal from the judgment of the Small Claims and Conciliation Branch of the District of Columbia Court of General Sessions. In light of this disposition, we need not reach the troublesome questions raised by petitioner concerning the operation of the Small Claims Court and the District of Columbia Court of Appeals' supervision thereof.

So ordered.

BURGER, Circuit Judge, did not participate in the foregoing opinion.

---

5. Miller v. Plumley, D.C.Ct.App., 77 A.2d 173 (1950).