**Arthur WILLIS, Appellant,**

**v.**

**RETAIL ADJUSTMENT BUREAU, INC.,**
**Assignee of Jeffrey Garden Apartments, Appellee.**

**No. 4456.**

District of Columbia Court of Appeals.

Submitted Sept. 23, 1968.

Decided Jan. 8, 1969.

Maribeth Halloran, Washington, D. C., for appellant.

P. R. La Padula, Washington, D. C., for appellee.

Before MYERS, KELLY and KERN, Associate Judges.

KELLY, Associate Judge:

This appeal is from a judgment for unpaid rent of $39.50 entered in the Small Claims and Conciliation Branch of the trial court.[1] We reverse.

Appellee, assignee of Jeffrey Garden Apartments, filed suit against appellant, a tenant at sufferance of the assignor, for rent in the sum of $89.50 allegedly due for the month of September, 1966. The trial court entered judgment for $39.50, apparently crediting appellant with a $50.00 security deposit. In his brief appellant states without contradiction that the August rent had been paid and that he moved from his apartment on August 27, 1966. Assuming the lack of a valid thirty-day notice of intention to quit, therefore, appellant is liable for rent for the month during which notice would have been in effect. Williams v. Tencher-Walker, Inc., D.C.Mun.App., 125 A.2d 58 (1956); Keuroglian v. Wilkins, D.C.Mun.App., 88 A.2d 581 (1952); D.C.Code 1967, § 45–904. As we said in the *Williams* case:

> However, we think the trial court was in error in holding that failure to give notice made the tenant liable for rent for the full month of November. We have ruled that a tenant at sufferance who vacates without giving the required thirty-day notice is liable for rent for the month (thirty days) during which the notice would have run. Here the tenant vacated on October 9 without giving notice. Had notice been given on that date it would have expired on November 8. Accordingly the tenant was liable for rent only through November 8. * * * [125 A.2d at 59].

So, here, appellant could be held liable only for rent through September 26 and it was error to find that rent was due for the entire month.

Appellant also presents a compelling argument that appellee is estopped to assert a right to the rent because of an oral waiver by the landlord-assignor of a thirty-day notice of intention to quit. We conclude, however, that it would be imprudent to decide this question on the record before us. Basically, the facts as stated in appellant's brief are that he gave a written notice of his intention to quit to the assistant manager of Jeffrey Garden Apartments in May, 1966, at a time when he had committed himself to move to another apartment building which was scheduled to be completed at the expiration of the notice. Because the construction on the building was delayed, arrangements were made to allow appellant to remain until the new apartment was ready for occupancy. Appellant was repeatedly assured that no additional notice would be required when he did vacate. Payments of rent continued on a monthly basis through August, 1966, when, relying on the assurances made, appellant vacated without sending a new written notice. Our problem is that appellee filed no brief in this court on appeal[2] and no statement of proceedings and evidence is in the record. And while appellant's recital of the facts may be comprehensive and correct, there is no certification to that effect by the trial judge.[3] Accordingly, under these unusual circumstances, we think the only proper course to take is to award a new trial.

Reversed with directions to grant a new trial.

1. This court originally denied the petition for allowance of appeal. The United States Court of Appeals reversed and remanded with directions to allow the appeal. 127 U.S.App.D.C. 360, 384 F.2d 312 (1967).

2. Nor was any brief or other opposition filed by appellee in the United States Court of Appeals. We can only assume that appellee has no further interest in this case.

3. See our Rule 30(a).