Oscar and Marjorie SKLAR, Appellants,

v.

Janice HIGHTOWER, Appellee.

No. 9206.

District of Columbia Court of Appeals.

Submitted June 11, 1975.

Decided July 16, 1975.

Kenneth J. Loewinger, Washington, D. C., was on the brief for appellants.

No appearance was entered on behalf of appellee.

Before KELLY, GALLAGHER, and HARRIS, Associate Judges.

HARRIS, Associate Judge:

Appellee rented an apartment from appellants on a month-to-month basis. A dispute arose between the parties, and the tenant vacated the apartment. In the Small Claims and Conciliation Branch of the Superior Court, judgments were entered directing that the landlords repay a $175 security deposit, less $30 in damages, to the tenant. The narrow question presented being one of first impression, we granted the application for allowance of an appeal. We affirm.

In early or mid-August of 1974, the tenant was informed that she would have to vacate her apartment by September 1 unless she would agree to a rent increase. On about August 22, the tenant orally notified the landlords that she would not agree to the increase and would vacate by September. She moved out on August 30. For reasons which are unlcear, the tenant's attempts to return the keys to the apartment were ineffective, and the landlords spent $30 to change the locks.

The tenant sued for the return of her security deposit. The landlords counterclaimed for September's rent, contending that the rent was owed because the tenant had not given 30 days' written notice of her intention to vacate, as required by D. C.Code 1973, § 45–902.[1] The landlords also sought compensation for various items of alleged damages, including the cost of changing locks.

The trial court ruled that the tenant was entitled to the return of her deposit. As to the counterclaim, the court concluded that the tenant did not owe rent for September because the landlords had waived their right to insist upon strict compliance with § 45–902 and were estopped to assert the requirement of 30 days' written notice. The court found, however, that the tenant's efforts to return her keys had been "insufficient" and that she therefore was liable for the $30 expended to change locks.

We conclude that the trial court's finding that the tenant does not owe rent for September was neither plainly wrong nor without evidence to support it. See D. C.Code 1973, § 17–305. A month-to-month tenant who fails to give 30 days' written notice may be liable for an additional month's rent if the lack of proper notice causes loss to the landlord. See Thomas D. Walsh, Inc. v. Moore, D.C.Mun.App., 141 A.2d 754, 755 & n.2 (1958); First National Realty Corp. v. Oliver, D.C.Mun. App., 134 A.2d 325, 327 & n.2 (1957). However, notwithstanding § 45–908 of the Code,

1. That statute provides:
    A tenancy from month to month, or from quarter to quarter, may be terminated by a thirty days' notice in writing from the landlord to the tenant to quit, or by such a notice from the tenant to the landlord of his intention to quit, said notice to expire, in either case, on the day of the month from which such tenancy commenced to run.

it is not always necessary for a waiver of § 45–902 to be in writing; certain types of conduct also may constitute a waiver.[2] *See Thomas D. Walsh, Inc. v. Moore, supra* at 755; *cf. Wesley v. Shaftel,* D.C.Mun. App., 170 A.2d 923 (1961).

Under the circumstances, it was proper for the trial court to conclude that conduct constituting a waiver of the 30 days' witten notice requirement had occurred, and that the landlords thereby were estopped to rely on the statute in their effort to collect an additional month's rent. The landlords orally informed the tenant that she must vacate by September 1, a date less than 30 days in the future, unless she agreed to a rent increase. That in effect was an attempted notice to quit by the landlords (with the tenant being given the option of staying and paying a higher rent), which itself did not comply with § 45–902 because it was not written and it did not furnish the full 30 days' notice. *See Klein v. Miles,* D.C.Mun.App., 35 A.2d 243, 245 (1944); *Merritt v. Thompson,* 53 App.D.C.

233, 234, 289 F. 631, 632 (1923). Nonetheless, the tenant did not assert her rights under § 45–902, but instead complied with the landlords' request. She notified them that she would not pay the increased rent, but would vacate, as they had asked her to do.

■ It would be grossly inequitable now to permit the landlords to collect an additional month's rent on the basis of the tenant's noncompliance with § 45–902. Considering the landlords' conduct, including their own disregard of § 45–902, and the fact that the tenant's failure to give 30 days' notice was due to her acquiescence in a specific request from the landlords, the trial court's decision was correct. The landlords' apparent inability to rent the apartment to another tenant for September is attributable to their own conduct, rather than to any dereliction on the part of the tenant.[3]

*Affirmed.*

---

2. D.C.Code 1973, § 45–908 provides:
   Nothing herein contained shall be construed as preventing the parties to a lease, by agreement in writing, from substituting a longer or shorter notice to quit than is above provided or to waive all such notice.

3. We find no merit in the landlords' additional contention that the trial court's ruling was so internally inconsistent as to constitute reversible error. The asserted inconsistency is that the court found both that the tenant vacated the premises on August 30, and that her attempts to return her keys were ineffective. Those findings, however, are not necessarily incompatible. It was reasonable for the trial court to conclude that the tenant vacated when she moved herself and her belongings out of the apartment, notwithstanding the breakdown in the attempted return of the keys. *Cf. Thomas D. Walsh, Inc. v. Moore, supra.*