Linda **BURNS,** Appellant,

v.

Cardelia **HARVEY,** Appellee.

No. 86–353.

District of Columbia Court of Appeals.

Argued Feb. 24, 1987.
Decided April 13, 1987.

\* \* \* \* \* \*

Bernard A. Gray, Sr., Washington, D.C., for appellant.

James A. DeVita, for appellee.

Before FERREN, TERRY, and ROGERS, Associate Judges.

**FERREN, Associate Judge:**

Linda Burns, a landlord, filed suit for possession of an apartment alleging that the tenant, Cardelia Harvey, had failed to vacate the premises pursuant to the tenant's own oral notice of intention to quit. The landlord also sought double rent for the period the tenant occupied the premises after the effective date of the tenant's alleged notice. D.C.Code § 45–1407 (1986 Replacement). After a bench trial, the court entered judgment for the tenant on the ground that the tenant effectively had withdrawn her notice of intention to quit the premises. The court also ruled that D.C.Code § 45–2551 (1986 Replacement) provides, in any event, that before any tenant can be evicted, the landlord must send a written notice to vacate and that such notice cannot be waived. The landlord argues on appeal, first, that a tenant's oral notice of intention to quit is valid and that, once given, such notice cannot be rescinded. She contends, second, that even if § 45–2551 requires a written notice to vacate before a landlord is entitled to seek possession, the tenant can waive such notice and did so in this case. *Cf.* D.C.Code § 45–1405 (1986 Replacement) (landlord's written notice to quit and tenant's written notice of intention to quit may not be withdrawn without consent of other party). We affirm.

## I.

In September 1984, the landlord and tenant executed a written lease under which the tenant was to occupy the residential premises at 427 Seventeenth Street, S.E. from September 22, 1984 until September 30, 1985. Three months later, the tenant married Howard Maupin, whom the landlord recognized as a co-tenant. In July 1985, Maupin informed the landlord orally that he and his wife intended to vacate the premises one month early, on August 31, because they were purchasing a home.[1] It

---

1. The tenant contends there was not a firm agreement with the landlord to vacate the premises one month early; rather, Maupin testified he told the landlord that he and his wife "might" move out early if they were successful in buying a house on which they had made an offer. The trial court credited the landlord's version of this conversation. Because the court's resolution of the conflicting testimony is not clearly erroneous, we will not disturb its finding on appeal. D.C.Code § 17–305 (1981); *Bell v. Jones,* 523 A.2d 982, 988 (D.C.1986); *Auxier v. Kraisel,* 466 A.2d 416, 418 (D.C.1983) (per curiam); *Edmund J. Flynn Co. v. LaVay,* 431 A.2d 543, 546 (D.C. 1981).

is undisputed that neither party sent a written notice at this time. Relying on the oral representation, the landlord arranged to rent the premises to a new tenant beginning September 1, 1985.

Because Harvey and Maupin were unable to purchase the house as they had planned, they notified the landlord in late August, 1985, that they would not be vacating the premises on August 31 as previously arranged. On September 4, the landlord filed this suit for possession and for double rent for the period the tenant occupied the premises after August 31.[2]

## II.

■ Initially, the landlord concedes that, absent a valid notice to quit, she would not be entitled to possession of the premises even if the tenant's lease had expired—assuming, of course, that the tenant continued "to pay the rent to which the [landlord] is entitled for the rental unit." D.C.Code § 45–2551(a) (1986 Replacement).[3] The landlord contends, however, that the tenant's oral notification that she intended to quit the premises by September 1 entitled the landlord to possession as of that date. We disagree. To be effective, a notice of intention to quit must be given in writing.

Three statutory provisions specifically address termination of a tenancy either by a landlord's notice to quit or by a tenant's notice of intention to quit. D.C.Code §§ 45–1402, –1403, –1404 (1986 Replacement).[4] These provisions explicitly require that any such notice be "in writing," id.; they make no reference to oral notification by either the landlord or the tenant. We see no reason to ignore this clear statutory requirement that a notice of intention to quit be in writing.[5] A written notice requirement reduces the possibility of misunderstanding between landlord and tenant. Furthermore, should disagreements arise as to the parties' intentions, adjudication will be less difficult if the court is able to turn to a written document rather than having to rely on the parties' recollections of conversations.

## III.

The landlord next contends that, even if written notices are generally required by statute, D.C.Code § 45–1408 (1986 Replacement) allows a tenant to waive written notice and that the tenant in this case has done so.

Section 45–1408 provides that "[n]othing herein contained shall be construed as preventing the parties to a lease, by agreement in writing, from substituting a longer or shorter notice to quit than is above provided or to waive all such notice." The trial court held, however, that § 45–2551

**2.** The tenant vacated the premises in January 1986. The suit is not moot, however, because of the landlord's claim for double rent for the period she claims she was entitled to possession.

**3.** D.C.Code § 45–2551 (1986 Replacement) conflicts with D.C.Code § 45–1401 (1986 Replacement), which provides that "[w]hen real estate is leased for a certain term no notice to quit shall be necessary," and the landlord shall be entitled to possession immediately upon the expiration of the lease. We have held, however, that § 45–1401 "must yield to more recently enacted rent control regulations," *Jack Spicer Real Estate, Inc. v. Gassaway,* 353 A.2d 288, 291–92 (D.C.1976), severely restricting a landlord's entitlement to possession. *See also Administrator of Veterans Affairs v. Valentine,* 490 A.2d 1165 (D.C.1985) (D.C.Code §§ 45–222, –1403 (1986 Replacement) authorizing landlord to evict tenant at will following thirty day written notice to quit is superseded by predecessor to § 45–2551 severely limiting circumstances in which tenants lawfully can be evicted).

**4.** These provisions do not specifically indicate the circumstances entitling a landlord to possession of the rental property when the landlord sends a written notice to vacate. As already noted, however, D.C.Code § 45–2551 (1986 Replacement) spells out the limited circumstances entitling a landlord to regain possession.

**5.** We also note that D.C.Code § 45–2551(a) (1986 Replacement) provides in part: "No tenant shall be evicted from a rental unit for any reason other than for nonpayment of rent *unless the tenant has been served with a written notice to vacate* which meets the requirements of this section" entitling the landlord to regain possession. (Emphasis added). Because this section deals only with evictions initiated by a landlord, it does not directly address the issue of a tenant's notice of intention to quit. It does, however, reflect once again a general statutory scheme requiring all notices to be in writing.

supersedes § 45–1408 and prevents the tenant from waiving her right to written notice before eviction. Even if we assume, without deciding, that there are ways a tenant can waive the right to written notice, on the particular facts here the landlord, as a matter of law, has not shown the tenant waived the right to written notice.[6]

■ First, on its face, § 45–1408 provides for a waiver in writing, and it is undisputed that the tenant did not give the landlord a written waiver. Second, while we have held "it is not always necessary for a waiver ... to be in writing," *Sklar v. Hightower*, 342 A.2d 57, 59 (D.C.1975), the tenant's conduct here does not amount to the kind of unequivocal actions we have previously held to be sufficient for a waiver of the right to notice. *Cf. Sklar*, 342 A.2d at 58–59 (landlord waived right to notice when tenant vacated premises pursuant to oral request of landlord and landlord changed locks); *Wesley v. Shaftel*, 170 A.2d 923, 923–24 (D.C.1961) (landlord waived right to notice when there was express agreement for waiver); *Thomas D. Walsh, Inc. v. Moore*, 141 A.2d 754, 755 (D.C.1958) (landlord's resumption of possession and exclusion of tenant constituted waiver by landlord of right to notice).

In this case, the tenant did not relinquish possession of the apartment, nor did she turn over the keys to the landlord. Indeed, after the landlord, in early August, had sent the tenant a letter referring to the landlord's understanding that the tenant would leave at the beginning of September, the tenant informed the landlord that she would not vacate the premises because her plans to purchase a house had fallen through. The landlord has failed to demonstrate that the tenant had waived her statutory right to written notice to quit. She therefore was not entitled to possession. *See Jamison v. S & H Associates*, 487 A.2d 619, 621 (D.C.1985).

**IV.**

■ The landlord argues, alternatively, that D.C.Code § 45–1405 (1986 Replacement) relieves a landlord of any responsibility to give a written notice to quit once the tenant has given the landlord an oral notice of intention to vacate the premises. We disagree. The landlord misinterprets § 45–1405, which reads in full:

> Neither landlord nor tenant, after giving notice as aforesaid, shall be entitled to recall the notice so given without the consent of the other party, but after the expiration of the notice given by the tenant as aforesaid the landlord shall be entitled to the possession as if he [or she] had given the proper notice to quit; and after the expiration of the notice given by the landlord as aforesaid the tenant shall be entitled to quit as if he [or she] had given the proper notice of his [or her] intention to quit.

*Id.* The landlord's reliance on language entitling the landlord to possession "as if he [or she] had given the proper notice" is misplaced. This language cannot be read in isolation. The landlord may only forego providing the tenant with written notice to quit after "expiration of the notice given by the tenant *as aforesaid*" (emphasis added). The words "as aforesaid" cannot be ignored. They refer to D.C.Code §§ 45–1402, –1403, –1404 (1986 Replacement), which provide that a tenant or a landlord can terminate a tenancy by providing "notice in writing." Once one party has provided such written notice, § 45–1405 merely provides that the other party need not also provide written notice but is entitled to rely on the written notice already received. Oral notice is not mentioned in any of these provisions. It would be stretching the provision beyond its plain words, as well as beyond the overall statutory scheme, to interpret it to permit a landlord to rely on a

---

**6.** While it is true that § 45–1408 provides for a waiver under some circumstances, no waiver provisions exist in the more recent code provision, § 45–2551, requiring written notice before a tenant may be evicted (except for nonpayment of rent). The tenant argues that this omission was intentional and expresses the Council's desire to eliminate such waivers. We do not decide here whether § 45–2551 supersedes § 45–1408, and thus we express no view on the resolution of this issue. *But cf. Administrator of Veterans Affairs v. Valentine*, 490 A.2d 1165 (D.C.1985); *Jack Spicer*, 353 A.2d at 291–92.

tenant's oral notice to vacate. Such an interpretation would be directly contrary to the words "as aforesaid" and thus would render them meaningless.[7] In short, § 45–1405 does not permit substitution of oral notice for written notice and, therefore, is of no help to the landlord here.

*Affirmed.*

---

**7.** In light of our resolution of this contention, we need not address whether § 45–1405 conflicts with § 45–2551. *See supra* note 6.